# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SHOKOFEH TABARAIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASPEN AMERICAN INSURANCE COMPANY,<br><br>　　　　Defendant. | NO. C20-1035RSL<br><br>ORDER |

This matter comes before the Court on "Defendant's Motion for Protective Order Staying Discovery." Dkt. # 15. Defendant filed a motion to dismiss on August 31, 2020, and now seeks a stay of discovery until that motion is resolved.

The Federal Rules of Civil Procedure impose clear duties to disclose and identify triggering events for both initial disclosures and broader discovery. *See* Fed. R. Civ. P. 26(a)(1) and 26(d)(1). Although they easily could have, the rules do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation. Thus, in order to obtain a stay of discovery, defendant must show that it is entitled to a protective order under Rule 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

ORDER - 1

Defendant essentially argues that it would be more efficient to delay discovery under the federal rules until after the viability of plaintiff's claims is decided. This argument could be made whenever a dispositive motion is filed, however, and yet the federal rules do not provide for an automatic stay simply because defendants hope to resolve the litigation through motion practice. No special or exceptional circumstances exist that would justify an indefinite stay of the liberal rules of discovery in this case. Defendant has not alleged, much less shown, any undue burden or oppression if discovery proceeds. The Court is not prepared to analyze potential factual issues regarding (a) the intent of the contracting parties and (b) the information available to the insurer when it denied coverage in order to determine whether the motion to dismiss is meritorious. Those issues will be determined once plaintiff has a chance to respond to the pending motion. The mere filing of a dispositive motion does not derail discovery or otherwise delay plaintiff's efforts to pursue her claims.

For all of the foregoing reasons, the Court finds that defendant has not shown good cause for a protective order. The motion for a protective order (Dkt. # 15) is therefore DENIED.

Dated this 15th day of September, 2020.

Robert S. Lasnik
United States District Judge

ORDER - 2